09-4814-ag
Tang v. Holder

BIA
A079 324 304

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of September, two thousand ten.

PRESENT:
    ROGER J. MINER,
    GUIDO CALABRESI,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges*.

_____

XIU QIN TANG,

    *Petitioner*,

    v.                                          09-4814-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

    *Respondent*.

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Linda S. Wernery, Assistant
                     Director; Gerald M. Alexander, Trial
                     Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiu Qin Tang, a native and citizen of the People's Republic of China, seeks review of a October 30, 2009 order of the BIA denying her motion to reopen. *In re Xiu Qin Tang*, No. A079 324 304 (B.I.A. Oct. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Tang's March 2009 motion to reopen was untimely and numerically barred because the BIA entered a final administrative order in September 2003 and she had previously filed a motion to reopen in July 2006. *See* 8 C.F.R. § 1003.2(c)(2). Although Tang contends that the

2

time and number limitations do not apply to her motion to reopen as it is "based on changed circumstances arising in the country of nationality" and the evidence she submitted "is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), her arguments are unavailing.

As an initial matter, there is no indication that the BIA ignored any material evidence she submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that this Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Moreover, contrary to Tang's argument, the record supports the BIA's determination that, although China has engaged in discrimination and abuse against Christians, Tang failed to establish that conditions in China and her home province of Fujian had changed fundamentally since her merits hearing,

3

as required to warrant reopening. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)); *Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Because the BIA reasonably found that Tang failed to establish changed country conditions sufficient to warrant reopening, its denial of Tang's motion to reopen was not an abuse of discretion. Accordingly, because Tang failed to make that threshold showing, we need not reach her argument that she established her *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4